UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GREYEAGLE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-02514 AC<br><br>**ORDER** |

Petitioner seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, petitioner's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on January 4, 2013. Administrative Record ("AR") 19.[2] The

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 11-3 to 11-10 (AR 1 to AR 439).

1

disability onset date was alleged to be December 28, 2012.  Id.  The application was disapproved initially and on reconsideration.  Id.  On December 15, 2014, ALJ David G. Buell presided over the hearing on plaintiff's challenge to the disapprovals.  AR 35 – 85 (transcript).  Plaintiff, who appeared unrepresented, was present at the hearing.  AR 19.  David M. Dettmer, a Vocational Expert ("VE"), also testified at the hearing.  Id.

On January 21, 2016, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 19-28 (decision), 29-32 (exhibit list).  On January 21, 2015, after receiving "Claimant correspondence dated March 10, 2015" and "General Assistance Program Medical Review Team Evaluation Form dated February 23, 2015 and completed by Timothy Stanley Plimpton, MD" as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 9-13 (decision and additional exhibit list).

Plaintiff filed this action on October 20, 2016.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 6, 8.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 13 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion).

## II.  FACTUAL BACKGROUND

Plaintiff was born on May 14, 1967, and accordingly was, at age 45, a younger person under the regulations, when he filed his application.[3]  AR 26.  Plaintiff has at least a high school education, and can communicate in English.  Id.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'"  Andrews

---

[3] See 20 C.F.R. § 404.1563(c) ("younger person").

2

v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Comom'r., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

////

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since December 28, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease in the lumbar and cervical spine and degenerative joint disease (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant is able to occasionally stoop or crouch; and never kneel, crawl, operate foot controls, or climb ladders, ropes, and/or scaffolds. If the claimant is required to walk more than 50 feet, he would need to use a cane in one hand. He is able to lift and/or carry with the other hand while using the cane. The claimant needs to stand, stretch, or pace every half hour of the workday for one minute. The claimant would be unproductive for that one minute during every 30 minutes.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born on May 14, 1967 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82041 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 28, 2012, through the date of this decision (20 CFR 404.1520(g)).

AR 21-27.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 28.

## VI. ANALYSIS

Plaintiff raises two issues in his motion: (1) "Whether new and material evidence submitted to the [A]ppeals Council warrants a remand for further proceedings;" and (2) "Whether the ALJ properly rejected Mr. Greyeagle's pain and symptom testimony." ECF No. 13 at 6. Plaintiff requests that if the court finds Mr. Greyeagle was improperly discredited, that the case be remanded to the ALJ for an immediate award of benefits. Id. at 16.

A.  Dr. Plimpton's 2015 Report is Part of the Record and Necessitates Remand

The addition of Dr. Timothy Stanely Plimpton's General Assistance form to the administrative record necessitates remand to the ALJ for consideration because it contains information that may alter the ALJ's residual functional capacity and/or disability finding. The Ninth Circuit has unequivocally held "that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence. Brewes v. Comm'r., 682 F.3d 1157, 1159–60 (9th Cir. 2012). The Ninth Circuit, in reaching its conclusion in Brewes, reasoned that the "Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that

evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision[,]" as a "practical matter[,]" the "Appeals Council's denial of review, and the additional evidence considered by that body, is 'evidence upon which the finding and decision complaint of are based." Id. at 1162, citing See 20 C.F.R. § 404.970(b) and 42 U.S.C. § 405(g).

The Commissioner argues that because Dr. Plimpton's report postdates the ALJ's decision, it does not relate back to the period before the ALJ's decision and it was not properly considered by the Appeals Council. ECF No. 16 at 15. However, the date of Dr. Plimpton's opinion is not dispositive on the issue of whether or not it relates back to the period before the ALJ's decision. Several courts[4] have held that "relevant evidence dated after the ALJ hearing decision can relate to the period on or before the date of the administrative law judge hearing decision under § 404.970(b)." Norris v. Colvin, 142 F. Supp. 3d 419, 422 (D.S.C. 2015) (internal citations omitted), see also Siegel v. Astrue, No. CIV S-08-0801 GGH, 2009 WL 2365693, at *3 (E.D. Cal. July 31, 2009) (Although the ALJ decision was issued in 2006, a 2007 study not before the ALJ "was considered by the Appeals Council and therefore is properly before" the district court ).

The court finds that Dr. Plimpton's report is properly before this court for review as part of the record. Although the report post-dates the ALJ's decision, Dr. Plimpton has been plaintiff's treating physician since at least July 30, 2014, before the ALJ's decision was issued. AR 336. There is no indication in the February 23, 2015 report that it was not based on information collected at least as of July of 2014, and the Commissioner points to none.

---

[4] The Commissioner's citation to the unpublished memorandum opinion Quesada v. Colvin, 525 F. App'x 627, 630 (9th Cir. 2013) does not compel a contrary conclusion from this court. Although the Quesada court found that "the district court properly concluded that the additional evidence Quesada submitted to the Appeals Council would not have changed the outcome in the case because it post-dated the ALJ's decision and therefore was not relevant[,]"the Ninth Circuit offers no detailed explanation on this point. The underlying district court opinion makes clear that the physician opinion at issue in Quesada was given by a physician who had not treated the plaintiff prior to the ALJ's decision. Quesada v. Astrue, No. EDCV 11-0882-MLG, 2012 WL 171690, at *4 (C.D. Cal. Jan. 20, 2012). This is not the case here; Dr. Plimpton did treat plaintiff before the ALJ's decision was issued, even if only for a few days.

7

Presumably, the Appeals Council believed the report related back to the period before the ALJ's decision because it chose to consider the report, rather than "return the additional evidence to the claimant with an explanation as to why it did not accept such evidence, along with notice of the claimant's right to file a new application." § 53:48.Evidence considered, 4 Soc. Sec. Law & Prac. § 53:48.

Giving Dr. Plimpton's 2015 report the full consideration it deserves as part of the record on appeal, it is clear that remand to the ALJ is necessary for further factual development of the record. In his report, Dr. Plimpton states that plaintiff's disability is permanent and he "cannot work in any capacity." AR 439. Although Dr. Plimpton checked the box indicating plaintiff can sit for longer than 4.6 hours at a time, he also wrote that plaintiff has limitations that affect plaintiff's ability to "obtain and/or perform employment of at least 4.6 hours per day; or 23 hours per week; or 100 hours per month." AR 438. Dr. Plimpton noted that plaintiff has "severe pain and can't stand on feet well, general feeling of weakness. Has been using bilat knee braces, since 2007. Any activity flares." Id. The ALJ did not have the opportunity to address Dr. Plimpton's assessment, which contains limitations that could impact the ALJ's RFC and/or disability finding. Remand is necessary for the ALJ's consideration of Dr. Plimpton's 2015 report.

### B. The ALJ Improperly Discounted Plaintiff's Subjective Testimony

The ALJ erred in his evaluation of plaintiff's subjective testimony. AR 23-24. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted).

In this case the ALJ gave six reasons for discounting plaintiff's credibility: (1) his "negative outlook" at the hearing, (2) he "energetically sought an MRI for his lower back and knees," (3) he did not get knee surgery when it was previously scheduled due to a co-pay issue, (4) he said he injured his back 20 years ago but he has worked since then, (5) his daily activities are inconsistent with his testimony, and (6) his testimony is inconsistent with the medical record. AR 23-24. With respect to the ALJ's first point, it is proper for an ALJ to consider his or her own observations when assessing the claimant's credibility and functional abilities. 20 C.F.R. § 404.1529(c)(3) ("We will consider . . . observations by our employees and other persons"). The ALJ specifically refers to plaintiff's reference to his future as a "shallow grave." AR 23, 66. Contrary to plaintiff's suggestion, the hearing transcript does not indicate that this statement was taken out of context. AR 66-67. This is one specific, clear reason for discrediting plaintiff; but standing alone, it is not convincing or sufficient.

The ALJ's second reason for discounting plaintiff's statements, that plaintiff "energetically" sought an MRI for his lower back and knees, is not a convincing reason to discredit plaintiff. In essence, the ALJ found that plaintiff's statements regarding his symptoms have been inconsistent. AR 23. "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct" when evaluating how to credit plaintiff's subjective testimony. Molina, 674 F.3d at 1112. However, when a claimant is unrepresented, as he was in this case, the ALJ has a duty to develop the record. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("When the claimant is unrepresented, however, the ALJ must be especially diligent in exploring for all the relevant facts.")

The ALJ finds inconsistency in the fact that after plaintiff was told an MRI was not necessary unless plaintiff had symptoms such as incontinence, plaintiff alleged incontinence for the first time. AR 23. The ALJ asserts that plaintiff made no mention of incontinence since that time or at the hearing. Id. The ALJ failed to note that plaintiff was not asked about this issue at the hearing, which is perhaps why plaintiff did not discuss it. AR 41-84. The ALJ's use of plaintiff's "inconsistent" testimony on incontinence as a reason for discrediting plaintiff is undermined by the fact that the ALJ failed to develop the record on this point.

9

1    The ALJ's third reason for discrediting plaintiff, that he did not get knee surgery when it
was previously scheduled due to a co-pay issue, is an impermissible basis for discrediting
plaintiff. Although the ALJ chose to focus on how plaintiff's cancellation of his surgery
inconvenienced medical staff, he also acknowledged that the surgery was canceled "apparently
due to a co-pay issue." AR 24. It is improper for an ALJ to discredit a claimant's subjective
testimony on the grounds that they did not seek treatment, when it is clear from the record that the
reason for lack of treatment was the claimant's inability to pay. Orn, 495 F.3d at 638.

The ALJ's fourth reason for discrediting plaintiff, that plaintiff said he injured his back 20
years ago but he has worked since then, is likewise specious. The ALJ states in his order that
because plaintiff "was able to work with this same condition for a number of years and it has not
worsened, it makes sense that the condition does not prevent him from working now." AR 24.
But, in his hearing testimony, plaintiff stated that his condition has in fact worsened over time.
AR 42 ("It's progressively getting worse. There's compressed discs."). Further, the medical
record does not date back 20 years; the ALJ had no way of knowing whether plaintiff's condition
has remained stable or worsened over time.

The ALJ's fifth reason, that plaintiff's testimony is inconsistent with his activities of daily
living, is not borne out by the facts of this case. The Ninth Circuit has "repeatedly warned that
ALJs must be especially cautious in concluding that daily activities are inconsistent with
testimony about pain, because impairments that would unquestionably preclude work and all the
pressures of a workplace environment will often be consistent with doing more than merely
resting in bed all day." Garrison, 759 F.3d at 1016. The daily activities cited by the ALJ,
including plaintiff's ability to drive his girlfriend's daughter to school and activities, maintain his
personal care, care for his pets, and do basic household chores are not particularly strenuous
activities and are not inconsistent with plaintiff's allegations of pain.

Finally, the ALJ found plaintiff's complaints were inconsistent with the medical evidence,
including his routine and conservative outpatient treatment. AR 23-24, See 20 C.F.R. §
404.1529(c)(2) ("Objective medical evidence … is a useful indicator to assist us in making
reasonable conclusions about the intensity and persistence of your symptoms …."). In this

context, the ALJ provided valid grounds for discounting plaintiff's alleged memory limitations by identifying clearly contradictory memory testing. AR 24, 307. However, with respect to plaintiff's physical pain testimony, the ALJ did not consider the objective medical evidence provided in Dr. Plimpton's report because that evidence was not available to him. The ALJ must reassess whether plaintiff's testimony is inconsistent with the medical record in light of Dr. Plimpton's report.

In sum, the ALJ's single appropriate reason for discrediting plaintiff was not a convincing or sufficient one.

### C. Remand is the Appropriate Remedy

The undersigned agrees with plaintiff that the ALJ's error in discrediting plaintiff's testimony is harmful and that Dr. Plimpton's opinion requires consideration. Remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; plaintiff's subjective testimony, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider plaintiff's testimony. Further development of the record consistent with this order is necessary. Additionally, the ALJ did not have the opportunity to consider, in the first instance, Dr. Plimpton's opinion. Having found Dr. Plimpton's opinion properly part of the record, the ALJ must evaluate it to determine its impact on plaintiff's RFC and the ultimate question of plaintiff's disability. Remand for further proceedings is therefore the appropriate remedy.

////

11

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for the plaintiff, and close this case.

DATED: March 15, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE